UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES** : | |
| : | |
| *v.* : | |
| : | **Criminal No. 16-00259(JKB)** |
| **OSCAR SORTO ROMERO,** : | |
| : | |
| *Defendant.* : | |

### DEFENDANT'S MOTION TO SUPPRESS EVIDENCE[1]

Defendant Oscar Sorto Romero ("Sorto"), by and through undersigned counsel, and pursuant to the Fourth Amendment to the United States Constitution, respectfully moves this Honorable Court to suppress evidence seized from Mr. Sorto's jail property. In support of this motion, Mr. Sorto states as follows:

I.   **Factual Background**

On November 5, 2019, FBI Agent Alicia C. Zimmerman swore out an affidavit in support of a search and seizure warrant for property left behind by Mr. Sorto at the Montgomery County Correctional Facility in Boyds, MD. *See* Exh. 1. The relevant evident sought to be seized included notebooks, papers and books. On the same day, Magistrate Judge Copperthite issued a search warrant for the material. For various reasons, the FBI did not execute the search warrant prior to it elapsing on November 14, 2019. On June 8, 2021, Agent Zimmerman swore out a second affidavit in support of a search warrant that incorporated the first affidavit. *See* Exh. 2. Magistrate Judge DiGirolamo approved that warrant the same day.

The search of Mr. Sorto's property resulted in the seizure of various handwritten

---

[1] Counsel received discovery disclosing the search warrant and seizure of evidence on September 2, 2021, and filed this motion as soon as practicable.

1

letters that purportedly refer to "cliques" and "gangs."

## II.     The Warrants Were Not Supported by Probable Cause

"Whether probable cause for a search exists is a 'practical, common-sense' question, asking whether 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Blakeney*, 949 F.3d 851, 859 (4th Cir. 2020) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).  Probable cause "requires only the kind of fair probability on which reasonable and prudent people, not legal technicians, would rely, and does *not* require an affiant to rule out all innocent explanations for suspicious facts." *Id*. at 860.  To show probable cause, an affidavit must "say[ some]thing about the truth of th[e] allegations." *United States v. Doyle*, 650 F.3d 460, 473 (4th Cir. 2011). Although the standard of probable cause is not a high threshold, "[s]ufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others." *United States v. Wilhelm*, 80 F.3d 116, 119 (4th Cir. 1996) (quoting *Illinois v. Gates*, 462 U.S. 213, 239 (1983)).

Several major gaps in the applications' information left the magistrate with insufficient information and only "the bare conclusions of others" to determine probable cause. First, the affidavits set forth that an informant told authorities that Mr. Sorto was a member of MS-13 and that he had been involved in two gang-related murders.  The affidavits do not assert in any manner that the informant was credible or that law enforcement had in any way verified his tale. Without knowing the source of that information, the magistrate was entirely unable to evaluate its credibility.  Second, the affidavits only generally alleges that gang members "often" keep list of telephone # and communicate via letters – something that can be said about any inmate.  Moreover, there is no information tying Mr. Sorto" property to any crime. Based on that information, there was not sufficient probable cause to support the issuance of the warrants.

2

### III. Reliance on the Warrants Was Objectively Unreasonable, so the *Leon* Good Faith Exception Cannot Apply

"While objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial costs of exclusion of evidence, where the information relied upon is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, exclusion is an appropriate remedy." *Doyle*, 650 F.3d at 463 (citing *United States v. Leon*, 468 U.S. 897, 922–23 (1984)) (internal quotation marks and alterations omitted). This is one of those situations. The glaring deficiencies and omissions discussed above are not mere insufficiencies but rather serious flaws rendering reliance on the warrants objectively unreasonable. Therefore, the *Leon* good faith exception is not applicable and the evidence must be suppressed.

### IV. Conclusion

For these reasons, Defendant respectfully requests that this Court suppress the cell site data attributed to Defendant.

Dated: Washington, DC
September 8, 2021

Respectfully submitted,

**BALAREZO LAW**

By: /s/
_____
A. Eduardo Balarezo
MD Fed. Bar # 014090
400 Seventh Street, NW
Suite 306
Washington, DC  20004
(202) 639-0999 (tel)
(202) 639-0899 (fax)

*Counsel for Defendant Oscar Sorto Romero*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 8th day of September 2021, I caused a true and correct copy of the foregoing Defendant's Motion to Suppress Evidence to be delivered to the Parties via ECF.

/s/
_____
A. Eduardo Balarezo